SAM L. KING *v.* CITY OF BRISTOL.*

(*Knoxville.*   September Term, 1927.)

Opinion filed March 31, 1928.

### 1. TAX ASSESSOR. CITY COMMISSION. DE FACTO OFFICERS.

Members of a Board of City Commissioners who fail to file an itemized statement of expenses expended in their campaign of election as required by the charter, but who have qualified as such officers, are **de facto** officers, and the actions of such Board are valid and binding, and the election of a tax assessor by the Board is valid. (Post, p. 645.)

Citing: Head v. Elliott, 116 Tenn. (8 Cates), 150, 154.

### 2. TAXATION. ASSESSMENT. BOARD OF EQUALIZATION.

A tax assessment approved by the Board of Equalizers cannot be attacked by a bill in chancery in the absence of fraud in its making, or a showing that the proceeding was void. (Post, p. 645.)

Citing: Mossy Creek Bank v. Jefferson County, 153 Tenn. (26 Thompson-Cornelius), 332; Smoky Mountain, etc., Land Co. v. Lattimore, 119 Tenn. (11 Cates), 620, 626; Briscoe v. McMillan, 117 Tenn. (9 Cates), 115.

### 3. TAX ASSESSMENT. BOARD OF EQUALIZERS. CERTIORARI.

In the absence of fraud or want of jurisdiction, the jurisdiction of a Board of Tax Equalizers cannot be collaterally attacked, but the remedy is by certiorari in a court of law. (Post, p. 646.)

Citing: Mossy Creek Bank v. Jefferson County, 153 Tenn. (26 Thompson-Cornelius), 332; Railroad v. Bates, 80 Tenn. (12 Lea), 573; State ex rel. v. Taxing District, 84 Tenn. (16 Lea), 240; Smoky Mountain, etc., Land Co. v. Lattimore, 119 Tenn. (11 Cates), 620, 626.

#### 4. TAX ASSESSOR. FRAUD.

The action of a tax assessor in assessing property unequally, however brought about, whether by conscious favoritism or mistaken judgment, after a review of his work by the Board of Equalization, cannot be attacked by a bill in chancery, without the charge of fraud in making the assessment, such action not being void. (Post, p. 646.)

#### 5. TAXATION. ASSESSMENT. CITY ORDINANCE.

A tax assessment made under a city charter which requires an ordinance to be passed levying a city tax is not void on account of the failure of the Board of Commissioners by ordinance to fix the bond and compensation of the assessor, describing his duties, and determine when and how he shall make assessments. (Post. p. 647.)

Distinguishing: Glass v. White, 5 Sneed, 475; Head v. Elliott, 116 Tenn. (8 Cates), 150, 154.

---

*Headnotes 1. Taxation, 37 Cyc., p. 1137; 2. Municipal Corporations, 28 Cyc., p. 1696; 3. Taxation, 37 Cyc., p. 1136; 4. Taxation, 37 Cyc., p. 1120; 5. Taxation, 37 Cyc., p. 1112; 6. ———; 7. ———.

---

### FROM SULLIVAN.

---

Appeal from the Chancery Court of Sullivan County. —HON. S. E. MILLER, Judge.

LEON STERN and HENRY BARKER, for complainant.

CALDWELL & BROWN, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this case was filed to set aside a municipal corporation tax assessment and enjoin collection of taxes under it. This appeal is from the Chancellor's decree sustaining a demurrer and dismissing the bill.

The complaint is that the assessment is grossly unequal, that the business property of complainants and other landowners was assessed much higher than their residence property, and that the difference was out of proportion to the true values. The assessment was made by the City Tax Assessor and approved by the Board of Equalizers, provided for by the charter amendment of 1919, by the terms of which amendment the action of this Board is made final.

(1) The validity of the election of the Assessor and of the City Commissioners, by whom both he and the members of the Equalization Board are chosen, is challenged, but, in the first place we are not of opinion that the bill sufficiently charges grounds of invalidity as to the election. The charge is that "two members of the Board of Commissioners, *or their predecessors in office,* failed to file their itemized statement of expenses expended in their campaign for election as required by the charter." The italics are ours, and the alternative language used destroys the effectiveness of the allegation. The failure of "their predecessors in office" would not invalidate the election of the encumbents. And, in the second place, under well-established rules these members of the Board were *de facto* officers and the actions of the Board valid and binding. It is conceded, in fact alleged, that "defendant W. A. S. Furlow, was by said Commission appointed Tax Assessor to assess the property within the corporate limits of said City." Since the Board was legally constituted, its election or appointment of Furlow was valid. *Head* v. *Elliott,* 116 Tenn., 150, 154.

(2) It is in effect conceded that the assessment made by this Assessor and approved by the Board of Equalizers cannot be attacked in the manner here attempted, that

is by bill in Chancery, in the absence of fraud in its making, or a showing that the proceeding was void. This is undoubtedly the rule. *Mossy Creek Bank* v. *Jefferson Co.,* 153 Tenn., 332; *Smoky Mtn., etc., Land Co.* v. *Lattimore,* 119 Tenn., 620, 626; *Briscoe* v. *McMillan,* 117 Tenn., 115.

*(3)* The Board of Equalizers was held in these cases to be a *quasi* court, whose jurisdiction could not be collaterally attacked except where void for fraud or want of jurisdiction. The remedy for the alleged error of the Board of Equalizers in the correction of inequality in assessments, which it is the primary duty of such a Board to equalize, as its very name imports, is "by *certiorari* in a Court of Law." In the recent case of *Mossy Creek Bank* v. *Jefferson County, supra,* our cases so holding are reviewed and followed.

Now no charge of fraud is made against the members of the Board of Equalizers, or in relation to their action, the allegation being restricted to charges of interference with the proceedings and domination of the Board by the Tax Assessor at the hearing. We are of opinion that the improprieties and irregularities charged in the procedure before the Board are matters as to which a Law Court has exclusive jurisdiction. Similar issues are dealt with in the opinion of Mr. Justice MCALISTER in *Briscoe* v. *McMillan, supra,* at page 133, citing *Railroad* v. *Bate,* 12 Lea, 573, and *State ex rel.* v. *Taxing District,* 16 Lea, 240, and also in *Smoky Mtn., etc., Land Co.* v. *Lattimore, supra.*

*(4)* It is true that charges of fraud on the part of the Assessor in making the assessment are made in the bill, but these charges are made, we think it may be said, rather *eo nomine* than otherwise. The Court looks to the facts set forth, rather than the name by which they

are characterized. Analized the charge is in substance that the Assessor was a candidate for office and manipulated his assessments with a view to popular favor. Such a charge, involving motives, would be exceedingly difficult of establishment by proof. But conceding the truth of this charge, it is to meet inequalities in the result of his work, however brought about, whether by conscious favoritism or mistaken judgment, that a review of his work is provided for by the Board of Equalization, and whenever passed on and determined by that Board a bill in Chancery will not lie, without a charge of fraud in its action, such action not being void.

(5) It remains to consider one other insistence of appellants, namely, that the assessment was void because no ordinance was passed in conformity with section 2 of Chapter 81, Acts of 1919, amending the charter so as to empower the City to elect a Tax Assessor for said City. The charge is not that no ordinance had been passed levying a City tax, but only that the Board of Commissioners had failed *by ordinance* to fix the bond and compensation of the Assessor, "describing his duties, and determine when and how he shall make assessments of taxable property and return the same." Does this failure render void the assessment and the tax levy? The authority chiefly relied on is *Glass v. White*, 5 Sneed, 475. However, in that case "no ordinance was passed, assessing a tax for the year 1855." The power had been conferred upon the City of Chattanooga by charter "to levy and collect taxes" and this Court held that this was a power which must have been first exercised by formal action before tax liability arose. The expression "assessing a tax" used in that opinion had reference, not to assessment or appraisal for taxation, that is, the fixing

of relative values upon the property, as a basis for the operation of a levy and collection of taxes at a rate to be fixed by the City, which is the matter here involved, but the assessing or fixing of the tax itself and the rate to be applied. It was held to be essential that formal action be taken by the City determining that a municipal tax should be levied and at what rate. That case is not therefore controlling. The bill charges that "Furlow was by said commission appointed Tax Assessor to assess the property within the corporate limits of said City," and while it is further charged that "there was no ordinance passed in conformity with" the Section of the Act already quoted, it does not affirmatively appear that *no* formal steps, by motion or resolution, were taken by which the Commission appointed said Tax Assessor. The form of the action is not the vital thing. It is not essential that the action taken appointing the Assessor should have been by ordinance in order to vest him with at least *de facto* powers in making the assessment. We think the principles announced in *Head* v. *Elliott, supra,* have application and that the alleged omission in form does not render the acts of the Assessor void.

We agree with the Chancellor that the officers whose actions are challenged were, if not *de jure,* at least *de facto* such, and that, their actions not being sufficiently shown to have been void for want of jurisdiction or fraud, the remedy of complainants for relief against the inequality charged was exclusively in a Court of Law, and his decree is affirmed.