## W. J. SAVAGE CO. *v.* CITY OF KNOXVILLE *et al.*

### (*Knoxville*, September Term, 1933.)

Opinion filed Nov. 18, 1933.[1]

[1]Filed for publication, July 5, 1934.

CHAS. E. DONAGHY, of Knoxville, for plaintiff in error.

D. J. KELLY, W. H. PETERS, JR., and NEAL B. SPAHR, all of Knoxville, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The W. J. Savage Company has filed a petition for *certiorari* herein to review the action of the board of equalization of the city of Knoxville in fixing the value of petitioner's property for taxation. The trial judge dismissed the petition and an appeal has been taken to this court.

The tax assessor appraised this property at $70,000. By appropriate proceedings, petitioner carried the matter before the city board of equalization. That body reduced the assessment to $60,000. The petitioner contends that the property is of the value of $42,000 at most.

A section of the Knoxville charter provides that such findings of the city board of equalization should be final and not open to review.

The petition charges that the board of equalization acted illegally, beyond its jurisdiction, arbitrarily, and discriminatorily, but the only specification is that, while the board of equalization appraised other property in the

city of Knoxville at its cash value, it appraised the property of the petitioner at $18,000 in excess of its cash value. No fraud is charged against the board of equalization, nor does it appear that in its procedure that body has disregarded any statutory provisions, except that the petitioner charges that the constitutional and statutory provisions that all property should be assessed equally and at its value were ignored as to petitioner's property.

 Obviously, therefore, the petition is merely an effort to have the courts review, upon petition for *certiorari,* the valuation placed upon the property for purposes of taxation by the duly constituted taxing authorities. Nothing is better settled in this jurisdiction, and everywhere we believe, than that the courts will not undertake such a review, nothing else appearing. As said in the cases, value is a matter of opinion, and the opinion of the courts is not likely to be any better than the opinion of tribunals specially created to fix property values. It is competent for the Legislature to provide that the findings of such tribunals shall be final so long as they act within their jurisdiction, observe statutory requirements, and there is no fraud.

In *Tomlinson* v. *Board of Equalization,* 88 Tenn., 1, 12 S. W., 414, 6 L. R. A., 207, it was expressly held that the action of a county board of equalization in determining the taxable value of property, being made final by express statutory provision, could not be reviewed by writ of *certiorari* at the suit of a taxpayer, where the board had not, with reference to his assessment, exceeded its jurisdiction nor acted illegally.

*Staples* v. *Brown,* 113 Tenn., 639, 85 S. W., 254, 258, which case cleared up and emphasized the broad scope

of the statutory writ of *certiorari,* expressly disclaimed any intention to weaken the case of *Tomlinson* v. *Board of Equalization* as that case applied to the question now before us. It was said that the former case "involved a question of assessment of general property for taxation under the provisions of the assessment law of 1887, and the decision was rested upon grounds of public policy and necessity, the court being of the opinion that, if every taxpayer was allowed to contest the assessable value of his property for taxation in the courts, the delays in the collection of the revenues of the state which would necessarily follow would greatly embarrass and imperil the proper administration of public affairs."

In *Carriger* v. *Mayor, etc., of Morristown,* 148 Tenn., 585, 256 S. W., 883, it was held that a petition for the writ of *certiorari* for the review of an assessment of property for paving purposes, under chapter 501 of the Private Acts of 1911, alleging that petitioner's property was assessed at $1,866, when in fact it was worth only $600, and that this valuation was fictitious, illegal, exorbitant, and oppressive—it was held that such a petition was insufficient to give the circuit court jurisdiction in the absence of allegations that the assessing authorities had in any manner violated the statute or acted fraudulently, arbitrarily, or in bad faith in fixing such valuation. It was said that the petition for *certiorari* pleaded a mere mistake of judgment, not reviewable on *certiorari,* and that the allegation as to the fictitious, illegal, exorbitant, and oppressive nature of the valuation was only a conclusion.

Recently, in *Mossy Creek Bank* v. *Jefferson County,* 153 Tenn., 332, 284 S. W., 64, 68, the court has gone over

646

the cases just mentioned, quoted from them, and approved them. In the last named case it was said: "Mere errors in honest judgment as to the value of the property will not obviate the binding effect of the conclusion of the board. Such a board is, 'in the absence of fraud or malicious abuse of its powers, . . . the sole judge of questions of fact and of the values of property.'"

Counsel for the petitioner refer us to several expressions of this court to the effect that the decisions of taxing authorities are reviewable on *certiorari* for irregularities, failure to follow the statute, etc. These observations were generally *obiter dicta*. In none of these cases was it intended to be suggested that the bald question of the valuation of a particular piece of property by a tax board, the statute making the decision of that board final, could be considered on petition for *certiorari*.

Counsel misinterpret *King* v. *Bristol*, 156 Tenn., 643, 4 S. W. (2d), 343. In that case the court was dealing with a classification alleged to have been made, by which business property was assessed at a higher valuation than residence property. It was that sort of inequality in assessments which the court said might corrected on petition for *certiorari*. The decision expressly approved and purported to follow *Mossy Creek Bank* v. *Jefferson County, supra*.

We are of opinion that section 9008 et seq., of the Code, the new statute authorizing a review of the actions of boards and commissions, do not work any repeal of the charter provision of the city of Knoxville making the valuation of property fixed by its board of equalization final. The Code sections are general in their nature and the charter provision special. A general law does

not by implication repeal a special law, unless such legislative intent clearly appears. *Vertrees* v. *State Board of Elections*, 141 Tenn., 645, 214 S. W., 737; *Burnett* v. *Maloney*, 97 Tenn., 697, 37 S. W., 689, 34 L. R. A., 541; Lewis' Sutherland Statutory Construction, sec. 274 et seq.

We are satisfied it was not intended by the Legislature in enacting the Code provisions just mentioned to overturn a long-settled policy of this state, and throw open the courts to a controversy upon every assessment of property with which a taxpayer disagreed.

We are of further opinion that no rights of the petitioner under the Constitution of Tennessee or under the Federal Constitution have been transgressed.

The judgment of the trial court is affirmed.