## COX v. CITY OF BRISTOL. No. 4.—187 S. W. (2d) 637.

Eastern Section. November 14, 1944.

Petition for Certiorari denied by Supreme Court, May 5, 1945.

138

Joe A. Caldwell, of Bristol, for plaintiff in error.

Curtin & Haynes and E. M. Woolsey, all of Bristol, for defendant in error.

McAMIS, J.   In this case the Circuit Judge reviewed on petition for certiorari a proceeding before the Equalization Board of the City of Bristol, found that the Board had not "acted within the provisions of the law" and reduced the assessment approved by the Board from $31,700 to $15,000.   Both parties have filed the record here for writ of error.

■ The City of Bristol has moved for a dismissal of the writ of error filed by Governor Cox because no motion for a new trial was filed and because no bill of exceptions was preserved and filed. The motion must be overruled. The petition for writ of error challenges the judgment of the trial court fixing the assessment at $15,000 as illegal and void because beyond the jurisdiction of the Court. This question arises upon the technical record and a bill of exceptions and a motion for a new trial are unnecessary to secure a review of this question. Wise Co. v. Morgan, 101 Tenn. 273, 48 S. W. 971, 44 L. R. A. 548; Nashville, C. & St. L. R. Co. v. Smith, 147 Tenn. 453, 455, 249 S. W. 377; Board of Equalization v. Nashville, C. & St. L. Ry., 148 Tenn. 676, 257 S. W. 91.

As we understand the petitions for writ of error both Governor Cox and the City take the position that, having held the action of the Board of Equalization void, the Court was without authority to hear proof and fix an assessed value on the property, Governor Cox insisting that a former valid assessment of $10,000 for a prior year would become the assessed value of the property for purposes of taxation.

■ Whether we have correctly interpreted the petitions or not, we think the learned trial court was in error in undertaking to fix the assessed value of the property after a trial de novo.

Chapter 81 of the Private Acts of Tennessee for the year 1919 authorized the Board of Mayor and Commissioners of the City of Bristol to elect an assessor and the Mayor was authorized to appoint a Board of Equalization which, in turn, was authorized to fix rules for hearings before the Board. The Act expressly provides that the action of the Board of Equalization shall be final. In

reviewing the assessment the Board was performing an administrative function and the statute provides for no appeal from its decisions but, on the contrary, provides in clear and unmistakable language that its decisions shall be final.

In Tomlinson v. Board of Equalization, 88 Tenn. 1, 12 S. W. 414, 6 L. R. A. 207, the Court considered the effect of Code, Section, 8989 (then 3123), upon the right to secure a judicial review of findings of a Board of Equalization whose decisions were made final by the statute and it was held that the writ of certiorari would not lie as a substitute for appeal. It results that the writ must be limited to it common law functions of securing a judicial determination of the legality of the Board's action.

City of Knoxville v. Connors, 139 Tenn. 45, 201 S. W. 133, and Binford v. Carline, 9 Tenn. App. 364, though not tax suits, seem to us to compel the conclusion that the trial court was without authority to consider the merits of the assessment approved by the Board or to enter judgment on the proof introduced in the Circuit Court. In the Connors case the trial court was called upon to review on petition for certiorari the action of a commission whose findings were, by statute, made final. It was held that the court could only stay an illegal proceeding and was without jurisdiction to enter judgment on the merits. The opinion in Binford v. Carline contains an exhaustive review of our cases distinguishing between the statutory writ of certiorari and the common law writ. Certiorari was employed in that case to review the action of the Board of Censors of the City of Memphis whose action was made final by the statute creating the Board. The trial judge undertook to pass upon the issues de novo.

It was held that the court could only determine the legality of the action of the Board and was without authority to hear the case on its merits. See also W. J. Savage Co. v. City of Knoxville, 167 Tenn. 642, 72 S. W. (2d) 1057; Nashville, C. & St. L. Railway v. Browning, 176 Tenn. 245, 140 S. W. (2d) 781; Treadwell Realty Co. v. City of Memphis, 173 Tenn. 170, 116 S. W. (2d) 997.

■ We perceive no distinction in principle between the cases cited and the case under consideration and it results that the assignments directed to the action of the court in fixing the assessed value of the property at $15,000 must be sustained. This does not mean, however, that the former assessment of $10,000, if such was the assessment, will be ipso facto reinstated. We think the proper practice would have been for the court, upon finding the action of the Board illegal, to remand for a proper hearing before the Board.

■ The foregoing disposes of the insistence of the taxpayer and we proceed to a consideration of the assignments of the City of Bristol. The first assignment, already considered in principle, is that the court had no right to substitute its valuation for that of the assessor and the Board of Equalization in the absence of fraud. As we have seen the court has no power in any case to fix a valuation upon the property and a fortiori it would be without jurisdiction even upon proof of fraud to fix an assessed value for the property. This assignment is accordingly sustained.

■ By appropriate assignment it is insisted the court erred in not sustaining the City's motion to dismiss the petition for certiorari on the ground that it failed to state a case for relief. It is insisted that the petition states only conclusions of the pleader and fails to state the facts

upon which relief was sought. We think this assignment must be overruled. The petition charges that the Board disregarded the evidence submitted; that the tax assessor of the City was present and dominated the action of the Board and that the members of the Board were never properly appointed or qualified. It was further charged that the assessor undertook to subdivide petitioner's property into lots and assessed them as such without petitioner's consent and that when protest of this was made to the Board it approved this unwarranted action of the assessor and, by this means, raised the valuation from $10,000 prevailing while the property was considered acreage to $31,700 which was in excess of the fair cash market value of the property. The petition contains other charges of a general nature and we think, when considered as a whole, the petition states a cause of action. We find no error in the action of the court in overruling the motion.

Finally, the City insists that the court erred in holding that the Board had not taken the proper oath, etc., because there was no pleading to this effect by the petitioner. We have already referred to the charge of the petition that the Board was never properly appointed or qualified and we think this sufficiently supports the challenged findings of the court.

The judgment of the court in fixing an assessment, for the reasons stated, is reversed and the cause remanded to the Circuit Court, whence it may be remanded to the Board of Equalization. Costs will be adjudged against the City of Bristol.

### On Petition to Rehear.

By its petition to rehear the City expresses dissatisfaction with our holding the Circuit Court without author-

ity to hear proof and fix a proper assessment. No authority is cited sustaining this insistence.

In our former opinion we undertook to demonstrate, by the cases cited, that where, as here, the writ of certiorari is of common law derivation as distinguished from the statutory writ employable in lieu of appeal the court has no power to try the case de novo and determine the merits from the evidence. If the rule were otherwise the effect would be to set at naught the statutory provision that the findings of the inferior tribunal shall be final.

We think the cases cited fully sustain our former holding and, as bearing closely upon the question, see also Shelby County v. Mississippi & T. R. Co., 84 Tenn. 401, 16 Lea, 401, 1 S. W. 32, 36, where the Court expressed "grave doubt" that certiorari can be resorted to for the purpose of correcting a supposed error of valuation for purposes of taxation. The concluding portion of the opinion cites Cooley on Taxation for the rule that: "Value is matter of opinion, and when the law has provided officers upon the duty imposed to make it, it is the opinion of these officers to which the interests of the parties are referred. The court cannot sit in judgment on their errors, nor substitute their own opinions for the conclusions the officers of the law have reached."

For statement of the general rule as to the judgment to be rendered by the reviewing court in certiorari cases, see 14 C. J. S. Certiorari, sec. 174, p. 319, also Tenn. Pro. in Law Cases, Higgins & Crownover, Sec. 1713, p. 679.

It is also said the case should not be remanded to the Board of Equalization but that if remanded the remand should be directly to the Board and not to the Circuit Court as suggested in the opinion.

The assessment against the taxpayer still stands and he is entitled to have a proper hearing before the

Board of Equalization. According to the holding of the trial judge he has not been accorded such a hearing and it seems proper that the present proceeding be remanded to the Board for that purpose rather than to force him to make a second application to the Board. 14 C. J. S. Certiorari, sec. 181, p. 325. Section 1486 of the Code providing for "picking up" taxes on property not assessed has no bearing on the question. The property involved was assessed and it is the purpose of the writ of certiorari to review the action of the Board of Equalization approving the assessment.

We are also of opinion the case should be remanded to the Circuit Court and by it remanded to the Board of Equalization to the end that the original records, if any, on file in the Circuit Court may accompany the remand.

Other questions raised by the petition to rehear are covered by our former opinion and need not be again considered. The petition must be denied.