HOOVER MOTOR EXP. CO., INC., *v.* RAILROAD & PUBLIC UTILITIES COMMISSION *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

Rehearing denied February 9, 1952.

Judson Harwood, of Nashville, for appellant.

Charles C. Brown, of Nashville, for Lewisburg Transfer Co.

Clement & Clement, of Nashville, for Bass Transfer Co.

C. W. Tuley, of Nashville, for Goggin Truck Line.

Mr. Justice Gailor delivered the opinion of the Court.

This controversy was commenced when the Tennessee-Carolina Transportation, Inc., and the other respondents, except the Railroad and Public Utilities Commission, filed applications before that body for certificates of convenience and necessity, to permit them to operate truck lines on certain highways in Tennessee. After a full hearing, the Commission issued these certificates.

Thereupon, Hoover filed petition for certiorari and supersedeas in the Circuit Court of Davidson County. After hearing there on the record as made up before the Commission, the Circuit Judge affirmed the action of the Railroad Commission. Hoover then filed a petition for rehearing on the ground that the Legislature had modified Section 9014 of the Code by passage of Chapter 261, Public Acts of 1951, which became effective on March 16, 1951. Since the amendment had no retroactive effect and the former trial had terminated by an order entered on March 2, 1951, the Trial Judge was clearly correct in overruling this petition to rehear.

Without making motion for a new trial or preparing and filing a bill of exceptions, Hoover then undertook to appeal to the Court of Appeals, and that Court, finding that no bill of exceptions had been filed and that all assignments of error required a consideration of facts, and were not based upon the technical record, dismissed the appeal.

 While we concur with the Court of Appeals in its action, and hold that the filing of a bill of exceptions was necessary (which might have been accomplished in the present case by an order of the Trial Judge directing that the original transcript before the Railroad and Public Utilities Commission, should be sent up to the Court of Appeals as part of the record, but showing further affirmatively, that such transcript contained all the evidence heard in the cause in the Circuit Court, *Insurance Co.* v. *Scales,* 101 Tenn. 628, 49 S. W. 743; *Harriman, etc. R. R. Co.* v. *McCartt,* 15 Tenn. App. 109, yet we think that an earlier and more fatal defect in the appeal was the failure of Hoover to file and secure the action of the Trial Judge on a motion for a new trial, upon such grounds as, if overruled, would be the assignments of error in the Court of Appeals.

Hoover insists that the proceeding in the Circuit Court was a Chancery proceeding and that the appeal is a broad appeal, and that it has a right to a hearing de novo in the Court of Appeals. Further insistence is made that by the passage of Code, Sections 9008-9018, the Legislature abrogated the opinion of this Court in *Board of Equalization* v. *N. C. & St. L. Ry.,* 148 Tenn. 676, 257 S. W. 91, 92, where Mr. Justice Cook, in the course of the opinion, held: "The appeal does not bring the cause here for trial de novo, but for review of errors only."

Many of our reported cases, handed down since the passage of 9008-9018 of the Code, have been decided adversely to Hoover's contention.

"Section 9008 of the Code, neither enlarges nor diminishes the scope of review by certiorari. It only prescribes procedure." *McKee* v. *Board of Elections,* 173 Tenn. 269, 274, 117 S. W. (2d) 752, 754; *Anderson* v. *Memphis,* 167 Tenn. 648, 72 S. W. (2d) 1059; *Savage Co.* v. *Knoxville,*

167 Tenn. 642, 72 S. W. (2d) 1057; *McCord* v. *N., C. & St. L. Ry.*, 187 Tenn. 277, 286, 213 S. W. (2d) 196; *Cheek* v. *Marshall County Court*, 190 Tenn. 307, 229 S. W. (2d) 349.

"The railway, as before stated, did not specifically assign as error the action of the Commission and Board in assessing its localized property at $3,297,250. The rule assumes prima facie the correctness of the proceedings of the inferior courts, and imposes on parties assailing them the duty of specifically pointing out the errors of which they complain. *Denton* v. *Woods*, 86 Tenn. 37, 5 S. W. 489; *Wood* v. *Frazier*, 86 Tenn. 500, 8 S. W. 148. A subject on which no assignment of error has been made need not be considered on appeal. *Hawkins* v. *Hubbell & Houser*, 127 Tenn. 312, 154 S. W. 1146.

\* \* \* \* \* \*

"Rule 14(5) of this court provides that the grounds upon which a new trial is sought in this court 'will not constitute a ground for reversal, and a new trial, unless it affirmatively appear that the same was specifically stated in the motion made for a new trial in the lower court, and decided adversely to the plaintiff in error, but will be treated as waived, in all cases in which motions for a new trial are permitted.'" *Nashville, C. & St. L. Ry.* v. *Browning*, 176 Tenn. 245, 276-277, 140 S. W. (2d) 781, 792.

Rule 11, subsection 5, of the Court of Appeals, 29 Tenn. App. 831, is in effect, identical with our Rule 14, subsection 5, supra.

Whether the certiorari be direct to the Railroad and Public Utilities Commission or whether it be to the State Board of Equalization after unsuccessful appeal from adverse action of the Commission, the statutes which permit

the Courts to review the action of these administrative bodies are the same. And examples of the settled practice of filing motions for new trial and bills of exceptions in appeals taken from the Chancery and Circuit Courts which have come there by certiorari to the Railroad and Public Utilities Commission or the State Board of Equalization, are to be found in many of our later cases, but without exception they have followed the rules made in *Nashville, C. & St. L. Ry.* v. *Browning*, supra. Compare *McCord* v. *N., C. & St. L. Ry.*, supra, 187 Tenn. at pages 284-285, 213 S. W. (2d) 196; *Dunlap* v. *Dixie Greyhound Lines,* 178 Tenn. 532, 535, 160 S. W. (2d) 413.

Writ denied.