**Beryl J. LINDSEY, Appellant,**

v.

**Hammond FOWLER et al., Appellees.**

Supreme Court of Tennessee.

Nov. 12, 1974.

Bill R. Davis, Atlanta, Ga., for appellant.

Eugene W. Ward, Gen. Counsel, T. E. Midyett, Jr., Asst. Gen. Counsel, Nashville, John B. Hagler, Jr., Asst. Atty. Gen., for Public Service Commission.

Dale Woodall, Martin W. Brown, Memphis, for Wooten Transports, Inc., Miller Transporters, Inc., Fleet Transport Company, and Petroleum Transport Co.; Evans, Petree, Cobb & Edwards, Memphis, of counsel.

## OPINION

HENRY, Justice.

This is an appeal from the action of the Chancery Court of Davidson County in affirming an order of the Public Service Commission dismissing the application of appellant for a certificate of convenience and necessity to transport petroleum products between all points in Memphis and points within its commercial zone.

We do not reach the merits of this controversy since the record before this Court is inadequate to permit appellate review.

■ This Court is reluctant to decline to entertain any appeal on the basis of technicalities and makes every effort to rescue the record and reach a decision on the merits.

The record in this case, however, is beyond the reach of the life-line.

The record reflects that the Bill of Exceptions was not timely filed and that all respondents, pursuant to Sec. 27–318, T.C. A. moved the Chancellor to dismiss the appeal.

The Chancellor sustained the motions, holding that the Bill of Exceptions was not timely filed; that petitioner did not comply with the requirements of Sec. 27–110, T.C. A., and "thus, no Bill of Exceptions has been filed in this cause."

■ The Chancellor, in the exercise of his discretion, declined to dismiss the appeal but held that "there being no Bill of Exceptions filed in this cause, any appeal taken by petitioner must stand on the technical record alone." This holding by the Chancellor is but declaratory of the consistent holdings of the appellate courts of this State.

The tendered Bill of Exceptions is not made a part of the record on appeal and this Court's knowledge of the contents thereof is limited to the technical record before the Court.

■ It is, however, apparent and significant that petitioner proceeded upon the assumption that a Bill of Exceptions was necessary.

Our review of this case is limited to the technical record.

We are presented with a large, expandable envelope, with two pasters on the outside. One of these merely contains the address to the Clerk & Master with the return address of the General Counsel of the Commission. The other contains the label "Transcript from the Tennessee Public Service Commission."

Inside the envelope we find thirty five (35) documents, including a two (2) volume transcript, certified collectively by the Public Service Commission as a transcript of the proceedings before the Commission.

Each document is marked "Filed" by the Deputy Clerk and Master. However, none is authenticated by the Chancellor and there is no collective authentication by him.

Additionally we have the conventional transcript from the Chancery Court.

All appellees have moved for an order dismissing the appeal or in the alternative, to strike certain documents from the technical record.

These motions first assert the fact of failure to file a Bill of Exceptions with the result that this appeal must stand or fall on the technical record alone.

They insist that the original transcript before the Public Service Commission is not properly before this Court because (1) appellant did not secure from the Chancellor, an order directing that this transcript be sent up in its original form, (2) that it does not affirmatively show that it contained all the evidence heard in the Chancery Court, (3) that the transcript was not identified or authenticated by the Chancellor and (4) that the transcript before the Public Service Commission is properly a part of the Bill of Exceptions which was not timely filed and (5) it is not a part of the technical record.

They further insist that the technical record contains certain documents and exhibits which should be stricken.

Without commenting seriatim on the various grounds of the motion, we conclude that so much of the motion as seeks dismissal of the appeal is without merit, but that the appeal must stand on the tech-

nical record alone, and that the transcript before the Public Service Commission is not properly before this Court.

The rules of practice governing appeals from the Chancery Court in cases arising out of decisions of the Public Service Commission have been fashioned by the appellate courts and are a well-established part of out appellate procedure.

In Hoover M. Exp. v. RR. & Pub U. Comm., 193 Tenn. 284, 246 S.W.2d 15 (1952) the facts were that the petitioner, without making a motion for a new trial and without preparing and filing a Bill of Exceptions, appealed to the Court of Appeals. That Court dismissed the appeal, holding that all assignment of error required a consideration of facts, and were not based upon the technical record.

In denying relief to the petitioner the Court said:

> While we concur with the Court of Appeals in its action, and hold that the filing of a bill of exceptions was necessary (which might have been accomplished in the present case by an order of the Trial Judge directing that the original transcript before the Railroad and Public Utilities Commission, should be sent up to the Court of Appeals as part of the record, but showing further affirmatively, that such transcript contained all the evidence heard in the cause in the Circuit Court, Insurance Co. v. Scales, 101 Tenn. 628, 49 S.W. 743; Harriman, etc., R.R. Co. v. McCartt, 15 Tenn.App. 109, yet we think that an earlier and more fatal defect in the appeal was the failure of Hoover to file and secure the action of the Trial Judge on a motion for a new trial, upon such grounds as, if overruled, would be the assignments of error in the Court of Appeals. 193 Tenn. at 287, 246 S.W.2d at 16.

This pronouncement was dictum in *Hoover,* but it has since governed appellant procedure in cases of this character.

In Roberts v. Knoxville Transit Lines, 36 Tenn.App. 595, 259 S.W.2d 883 (1953),

petitioner moved the Court to strike the transcript of the evidence before the Knoxville Public Utilities Commission because it was not authenticated as a bill of exceptions.

In denying the motion, the Court of Appeals, Eastern Section, speaking through Judge McAmis, said inter alia:

> We think the motion to strike the bill of exceptions is ruled by Hoover Motor Express Company v. Railroad & Public Utilities Commission, 193 Tenn. 284, 246 S.W.2d 15, 16. In that case a motion to strike the bill of exceptions on similar grounds was made and overruled. The proceeding originated before the Railroad and · Public Utilities Commission and was carried to the Circuit Court on certiorari. Under the mandate of the Circuit Judge the Commission certified its entire record including· a transcript of the evidence to the Circuit Court and it was there filed by the Clerk of that Court. No further evidence was heard by the Circuit Judge and, to review his action, the case was appealed to the Court of Appeals solely upon the transcript from the Commission. As in this case no bill of exceptions, as such, was filed and on that ground the Court of Appeals affirmed the judgment of the Circuit Court. The Supreme Court, speaking through Mr. Justice Gailor, concurred with the Court of Appeals in holding a bill of exceptions necessary but said that the same result could have been accomplished by "an order of the Trial Judge directing that the original transcript before the Railroad and Public Utilities Commission, should be sent up to the Court of Appeals as part of the record, but showing further affirmatively, that such transcript contained all the evidence heard in the cause in the Circuit Court * * *."

Again, the Court said:

> Such an order was entered and the indicated procedure followed in the present case and we think, both upon the authority of the *Hoover* case, and as a matter

of sound practice, the motion is without merit.

This rule of practice was again recognized in Shelton v. Mooneyhan, 205 Tenn. 425, 326 S.W.2d 825 (1959) wherein this Court, in an opinion by Justice Swepston, said:

> While the Roberts case, supra, holds that T.C.A. § 27–911 (9014 of the 1932 Code) makes the evidence heard by the commission a part of the technical record before the trial judge, yet the only way the appellate court can know whether additional evidence was introduced in the trial court is by the customary bill of exceptions with proper certificate that "this is all of the evidence", or in lieu thereof a certification, under the order of the trial judge, by the clerk of that court of the original transcript of the proceedings before the board or commission, within the purview of said statute, which must show affirmatively that such transcript contains all of the evidence heard in the trial court, as was done in the Roberts case.

The *Hoover* reasoning is bolstered by earlier cases. See, e. g. Shelby County v. Bickford, 102 Tenn. 395, 52 S.W. 772 (1899), wherein the Court said:

> But without such bill of exceptions, or some decree entered in the cause making deeds or records of other causes parts of the record in the case appealed, they will not be considered. 102 Tenn. at 406, 52 S.W. at 775.

See also Gregory v. Guinn, 4 Tenn.App. 10 (1926).

We hold that the original transcript before the Public Service Commission is not properly before this Court.

█ In cases of this character the transcript may either be made a part of the bill of exceptions, or, in proper cases, converted into a bill of exceptions by the simple expedient of having the trial judge sign a directing order that the original transcript be sent up as a part of the record *and* reciting affirmatively that such transcript contains all the evidence heard in the lower court.

In either event the transcript must be properly authenticated by the Trial Judge.

These standard and simple procedures simply were not followed in this case.

Since all assignments of error direct themselves to the facts, they may not be considered by this Court.

Affirmed.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.