**MEMPHIS MOBILE TELEPHONE, INC.,**
**Plaintiff-Appellant,**

**v.**

**Honorable Z. D. ATKINS, Honorable Robert N. Clement, Honorable Frank D. Cochran, Constituting the Tennessee Public Service Commission, Mahaffee Message Relay, Inc., and Airsignal International, Inc.**

Court of Appeals of Tennessee,
Middle Section.

March 5, 1979.

Rehearing Denied April 6, 1979.

Certiorari Denied by Supreme Court
Aug. 13, 1979.

John M. Ballenger, Major, Sage & King, Alexandria, Va., Hammond Fowler, Rockwood, for plaintiff-appellant.

F. P. Cribbs, Jr., Houston, Tex., Phil M. Canale, Jr., and Edward A. Kizer, Memphis, for appellee Mahaffee Message Relay, Inc.

William M. Luck, Memphis, and Patrick J. O'Shea, Elmhurst, N. Y., for appellee Airsignal International, Inc.

Eugene W. Ward, Gen. Counsel, and Thomas Eldridge, Nashville, for Tenn. Pub. Serv. Commission.

## OPINION

DROWOTA, Judge.

Appellant, Memphis Mobile Telephone, Inc., appeals from the decree of the Chancery Court of Davidson County dismissing its Petition for Review and affirming the action of the Public Service Commission in rescinding the certificate of public convenience and necessity which had previously been issued to appellant.

The threshold question for determination by this Court is whether the record before us is adequate for appellate review. Appellees aver that the record is inadequate since it fails to contain the transcript of the proceedings before the Public Service Commission.

On January 16, 1979, appellee, Mahaffee Message Relay, Inc., filed its motion to dismiss Memphis Mobile Telephone's appeal. Appellee avers that appellant failed to file a bill of exceptions and that the very nature of appellant's three assignments of error

requires a review of the transcript before the Commission. On January 22, the date set for oral argument, appellee renewed its motion to dismiss. Appellant failed to appear, however it did file a reply to appellee's motion to dismiss and later on February 2 filed a "first supplement" and on February 23, over a month after oral arguments, filed a "motion to compel" directed at the Public Service Commission.

■ Appellant states in its "motion to compel" that the nature of its appeal is such that an appropriate review of the Commission's decision cannot be obtained without the entire record being before this Court. However, appellant takes the position that no bill of exceptions is necessary and that under T.C.A. § 4–523(d) of the Administrative Procedures Act, the Commission is required to transmit the record to this Court, thus the motion to compel. T.C.A. § 4–523(d) does state that "the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review." The reviewing court referred to in this section is the trial court and has no application to the Court of Appeals.

■ Appellant also apparently relies upon T.C.A. § 4–524 as authority for no longer requiring a bill of exceptions and placing the burden on the Commission and the Clerk of the Chancery Court to assemble and transmit the transcript of the proceedings before the Commission. T.C.A. § 4–524 captioned "Appeals to Court of Appeals" states that:

An aggrieved party may obtain a review of any final judgment of the chancery court under §§ 4–507—4–527 by appeal to the Court of Appeals of Tennessee as in chancery cases. The record certified to the chancery court by the agency and the record in the court shall constitute the record in an appeal. Evidence taken in court pursuant to subsection (g) of § 4–523 shall become a part of the record upon *authentication* thereof by the chancellor. (emphasis added)

The above language does not indicate to us that the burden is upon the agency to get a proper record for the Court of Appeals. Once the agency complies with T.C.A. § 4–523(d) and transmits the record to the reviewing (trial) court it has no further duties with respect to the record. It is well established that the appellant has the sole duty to prepare and present the record in its proper form.

■ Appellant avers that a bill of exceptions is not required to be filed in an appeal of this nature, that the Administrative Procedures Act supersedes the prior requirement that a bill of exceptions be filed, and that the Act supersedes the holding of the Supreme Court in *Lindsey v. Fowler,* 516 S.W.2d 88 (Tenn.1974), requiring a bill of exceptions.

We do not feel that the Administrative Procedures Act has in any way overruled *Lindsey v. Fowler.* Appellant in this cause is proceeding upon the assumption that the record of the proceedings before the Commission would be transmitted to this Court as part of the technical record. In *Lindsey v. Fowler* the Chancellor refused to sign the bill of exceptions because it was not timely filed, however the clerk transmitted to the Supreme Court the conventional transcript and also a large envelope which contained a label "Transcript from the Tennessee Public Service Commission." Inside the envelope were a two (2) volume transcript and thirty-three (33) documents, certified collectively by the Public Service Commission as a transcript of the proceedings before the Commission. Each document and the transcripts were marked "Filed" by the Deputy Clerk and Master. Appellant argued in *Lindsey v. Fowler,* as appellant argues in this cause, that the transcript of the proceedings before the Commission was filed in the Chancery Court and thus comes to the appellate court as part of the technical record. In *Lindsey v. Fowler* the Court held that the transcript before the Commission can come before the appellate courts in one of two ways, it "may either be made a part of the bill of exceptions, or, in proper cases, converted into a bill of exceptions by the simple expedient of having the trial judge sign a directing order that the original tran-

script be sent up as a part of the record *and* reciting affirmatively that such transcript contains all the evidence heard in the lower court. In either event the transcript must be properly authenticated by the Trial Judge." 516 S.W.2d at 91.

The obvious purpose of the above procedural requirements is to afford the appellate courts reasonable assurance of the integrity of the record to be reviewed. The appellant was in error in assuming that the transcript before the Commission would be sent to this Court as part of the technical record. Appellant is before this Court on the technical record alone, which contains only the pleadings and orders of the trial court.

■ Appellant infers that the Chancellor may not have had the entire transcript to review. If appellant had any question concerning the transcript of the proceedings before the Commission and whether the entire record was before the Chancellor, the time to raise such objection was in the Chancery Court, *not* the appellate court.

■ Appellant's three assignments of error require a review by this Court of the evidence submitted to the Commission and without a transcript of those proceedings it must be presumed that every fact admissible under the pleadings was found or should have been found favorable to appellees. *Wilson v. Hafley,* 189 Tenn. 598, 605, 226 S.W.2d 308 (1950). The assignments of error must therefore be overruled for lack of an adequate supporting record, and the judgment of the Chancellor is affirmed. The costs of this appeal are taxed to appellant.

Affirmed.

SHRIVER, P. J., and TODD, J., concur.

## OPINION ON PETITION FOR REHEARING

DROWOTA, Judge.

Appellant, Memphis Mobile Telephone, Inc., by counsel, has filed a petition for rehearing which presents no new issues, nor points to any material matters or authorities overlooked by this Court in our original opinion filed March 5, 1979. To the contrary, the petition essentially reargues the same propositions heretofore fully considered by this Court.

We will however respond to certain arguments raised in appellant's petition because counsel for appellant obviously fails to understand the significance of, the effect of, and our reliance on *Lindsey v. Fowler,* 516 S.W.2d 88 (Tenn.1974).

■ We must first point out that we were aware that appellant was submitting its case to this Court on briefs. Appellant was not required to be present on the date set for oral argument, however appellant cannot cancel oral argument. Appellees were entitled to appear and present oral arguments, which they did. The reason we used the words "appellant failed to appear" is that had counsel appeared for oral argument to respond to appellees' motion to dismiss he would have readily seen, at that time, that this Court had real concerns over the adequacy of the record presented for our review.

Appellant was not prejudiced for not arguing its case orally. However, this was a case where, in light of appellees' motion to dismiss, it would have been in appellant's best interest to appear and answer certain questions which the Court had concerning the state of the record.

Appellant states in its petition that "the review by the Chancery Court was confined wholly to the *record* developed before the Tennessee Public Service Commission." (emphasis added).

Appellant also states "at the time appellant appeared before the Chancery Court, appellant was under a good faith belief that the Tennessee Public Service Commission had complied with its statutory obligation and had, in fact, filed the *entire* record with the Chancery Court. Only subsequently did appellant learn that the Tennessee Public Service Commission failed to carry out its express statutory obligation."

Appellant then states that "immediately after appellant learned of the failure of the Tennessee Public Service Commission to comply with the applicable statutory requirements, appellant corresponded with the Tennessee Public Service Commission on January 19, 1979 and January 31, 1979." The record was filed in this Court on November 14, 1978. Oral arguments were scheduled and heard in this Court on January 22, 1979, at which time the case was taken under advisement. On February 23 appellants filed a "Motion to Compel the Tennessee Public Service Commission to Comply with Section 4-523(d)."

■ It thus appears that the Chancellor had only a portion of the record developed before the Tennessee Public Service Commission. It is difficult to understand how appellant can now ask this Court to compel the PSC to forward the record (or portions of the record) of the proceeding under review to the Chancery Court and for the Clerk of that court to transmit the record (or portions of the record) to this Court for our review of the Chancellor's decision, when the Chancellor obviously would not have had the record (or portions of the record) to consider in making his decision. Appellant asks this Court to reverse the Chancellor. We could not reverse the Chancellor based on a record which the Chancellor did not have before him.

Appellant's "Motion to Compel" should have been filed in the Chancery Court prior to the final hearing in that court, and if the entire record was not before the Chancellor, he could at that point in time rectify the situation. But for this Court to have portions of the record, not considered by the Chancellor, sent to this Court for our review would be erroneous.

It should be clear to appellant that unless the record of the proceedings before the PSC were authenticated by the Chancellor, we would not be in a position to know what he did or did not consider in making his decision. The state of the record in this case gives ample reason for the requirement in *Lindsey v. Fowler* for authentication of the proceedings before the PSC (the bill of exceptions) by the Chancellor.

■ The reason we emphasized in our opinion the word *authentication* as found in T.C.A. § 4-524, was to show that when evidence is taken in court pursuant to § 4-523(g) a bill of exceptions is necessary in order that we might know what the Chancellor considered. It cannot be successfully argued that we should not have the record of the proceedings before the PSC authenticated. In this case it is obvious from reading the Chancellor's six page memorandum opinion that he did in fact have a record or portions of a record before him for review. Without his authentication of the record (or portions of the record) which he considered we would be unable to have "assurance of the integrity of the record to be reviewed."

Appellant states in its petition that "the problems which have arisen result from the failure of the Tennessee Public Service Commission to comply with its statutory obligation to assemble the record upon appeal and transmit the same to the Chancery Court." This may be true, however appellant is the creator of its own misfortune, for if the record was incomplete in the Chancery Court it should have been corrected in that court before the Chancellor heard this case and before he filed his memorandum opinion. Appellant was not only unaware of the record filed in the Chancery Court by the PSC, but appellant was likewise unaware of what record (or portions of the record) were filed in this Court on November 14, 1978, when appellant was advised by the Clerk of this Court that the record of the Chancery Court had been filed in the Court of Appeals. The only record filed in this Court on November 14 was the technical record which contains the pleadings in the Chancery Court. We have *no* authenticated or unauthenticated record (or portions of the record) of the proceedings before the PSC before us.

Appellant in its petition appears to again proceed upon the incorrect assumption that the proceedings before the PSC can come to this Court as part of the technical record and be considered by this Court. In *Lind-*

*sey v. Fowler* the Clerk and Master transmitted to the Supreme Court as part of the technical record the transcript of the proceedings before the PSC which had been filed in his court. As we stated in our opinion, "[i]n *Lindsey v. Fowler* the Court held that the transcript before the Commission can come before the appellate courts in one of two ways, it 'may either be made a part of the bill of exceptions, or, in proper cases, converted into a bill of exceptions by the simple expedient of having the trial judge sign a directing order that the original transcript be sent up as a part of the record *and* reciting affirmatively that such transcript contains all the evidence heard in the lower court. In either event the transcript must be properly authenticated by the Trial Judge.' 516 S.W.2d at 91."

We are satisfied with our previous disposition of this appeal. The petition to rehear is therefore denied at the cost of appellant.

SHRIVER, P. J., and TODD, J., concur.