John E. GREENE, Lennis C. Greene, Edsel Hodges, Shirley Y. Hodges, Edsel Cook and Carolyn V. Cook, Petitioners,

v.

Willie O. GLEATON, James Wiley Maze and Joanne Wilson Maze, Respondents.

Supreme Court of Tennessee.

Sept. 4, 1979.

Rehearing Denied Oct. 9, 1979.

Bob McDaniel Green, Johnson City, for petitioners.

Max E. Wilson, William L. Guy, Mountain City, for respondents.

## OPINION

BROCK, Chief Justice.

The issue in this case is whether the Court of Appeals erred in striking the bill of exceptions upon the ground that it was not filed within the time permitted by the order of the trial court.

This action was brought by plaintiff property owners against the defendants seeking damages for alleged injuries to their real estate caused by the defendants' diversion of surface waters. It was tried by the Chancellor without a jury and resulted in a judgment in favor of the plaintiffs against the defendants for $10,000. A final judgment was entered on February 3, 1978, and did not contain any provision respecting an appeal or the filing of a bill of exceptions. The defendants did not file a motion for a new trial but on February 25, 1978, pursuant to their motion, the Chancellor entered an order granting an appeal and providing that

". . . The defendants are permitted sixty days within which to perfect the said appeal and to file their bill of exceptions."

On April 25, 1978, being 59 days from the filing of the above quoted order and 81 days from the entry of the final judgment from which the appeal was taken, the defendants filed their bill of exceptions.

The Court of Appeals held that the above quoted order allowed only 60 days from the date of the entry of the final judgment within which to file a bill of exceptions and, therefore, that the bill of exceptions which was filed 81 days from that date was too late and, accordingly, ordered the same stricken. The defendants have petitioned this Court for certiorari contending that the quoted order should be construed as allow-

ing 60 days from the date of the entry of that order or as granting 60 days in addition to the 30 days automatically allowed by T.C.A., § 27–111, from the date of entry of the final decree for the filing of a bill of exceptions, and that under either construction the bill of exceptions was timely filed and should not have been stricken.

T.C.A., § 27–111, in pertinent part, provides:

"In all cases . . . either party may file a bill of exceptions . . . , provided the bill of exceptions . . . [is] filed within thirty (30) days from the entry of the order or action of the court which occasioned the filing of [the bill of exceptions]. The judge or chancellor may within the aforesaid thirty (30) day period . . . extend the time for filing said [bill of exceptions] for not exceeding an additional sixty (60) days. The maximum period of ninety (90) days shall be computed, . . . from the date of final judgment, . . ."

Obviously the order of the Chancellor, above quoted, is ambiguous in that it does not state what the starting point is for counting the sixty days allowed. Conceivably it could be interpreted as urged by the petitioners.

However, we conclude that the construction employed by the Court of Appeals is correct and that the sixty days allowed were intended to begin on the date that the final decree was entered. If the order in question dealt only with the filing of the bill of exceptions we would adopt one of the two possible constructions urged by the petitioners and thus save the bill of exceptions in this case. Such is our policy of liberality, whenever possible. *Saunders v. McKenzie*, 572 S.W.2d 653 (Tenn.1978); *Lindsey v. Fowler*, 516 S.W.2d 88 (Tenn.1974).

But, here the order not only allows time for filing the bill of exceptions but also allows the same period of sixty days "to perfect the said appeal." Because T.C.A., § 27–312,[1] permits no more than a total of sixty days from entry of a final judgment to be allowed for the appealing party "to give bond or take the oath," the logical conclusion is that the experienced and learned Chancellor intended that the sixty day period allowed ". . . to perfect the said appeal and to file their bill of exceptions" was to begin as of February 3, 1978, the date of entry of the final decree. Any other construction would attribute to the Chancellor an intent to make an invalid order, *i. e.* to allow more time than is permissible under T.C.A., § 27–312, within which ". . . to give bond or take the oath."

We conclude that the Court of Appeals was correct. Its order is affirmed. Costs in this Court are taxed against petitioners.

FONES, COOPER, HENRY and HARBISON, JJ., concur.

---

1. "When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the Court of Appeals or Supreme Court, the appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty (30) days from the judgment or decree of the court, but satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty (30) days, the court may extend the time to give bond or take the oath, but in no case more than thirty (30) days additional." T.C.A. § 27–312.