STATE of Tennessee, ex rel., COUNTY OF HAMBLEN, and City of Morristown

v.

KNOXVILLE COLLEGE.

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

June 7, 2001.

Permission to Appeal Denied by Supreme Court Nov. 5, 2001.

Thomas Richard Spradlin, Knoxville, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, and Winston B. Sitton, Assistant Attorney General, Nashville, Tennessee, for Appellee.

**OPINION**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, Jr., J., and D. MICHAEL SWINEY, J., joined.

Taxpayer sought review of a property classification via a writ of certiorari. The Trial Court ruled the Board's decision had become final and the appeal would not lie. On appeal, we affirm.

On April 28, 1999, the plaintiffs filed an action against numerous defendants seeking to collect delinquent taxes for the calendar year 1997. Knoxville College was named as a defendant and answered and filed a counter-petition for writ of certiora-

ri to review the classification of its property pursuant to Tenn.Code Ann. § 27–8–101 and 102, which the Trial Court ultimately dismissed.

Knoxville College had filed an application for exemption for property tax on its real property located in Hamblen County, but on December 11, 1998 the State Board issued an initial determination, denying the application for an exemption. Knoxville College did not appeal that determination, either in an administrative appeal to the State Board pursuant to Tenn.Code Ann. 67–5–212(b)(2), or appeal the Board's decision to the Chancery Court, pursuant to Tenn.Code Ann. § 67–5–212(b)(4).

Both the 90–day period allowed for an appeal of the initial determination of the Board pursuant to § 67–5–212(b)(2), and the 60–day period allowed for appeal of the Board's final order to the appropriate chancery court expired without any action being taken by Knoxville College. The Chancery Court did issue a writ of certiorari to the Board in the action before us, but responding to plaintiff's Motion to Dismiss the counter-petition, the Trial Judge entered an Order on May 31, 2000 dismissing Knoxville College's counter-petition on the grounds that the Court lacked subject matter jurisdiction pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure, and that the counter-petition failed to state a claim upon which relief may be granted pursuant to Rule 12.02(6) of the Tenn. R. Civ. P.

■ We agree with plaintiffs that Knox College's failure to pursue its statutory remedies during the requisite time periods rendered the Board's decision final, and the Chancery Court was without jurisdiction to entertain the appeal as presented in the counter-petition. Moreover, Tenn. Code. Ann. § 67–5–212(b)(4) requires a property owner to exhaust all administrative remedies prior to any appeal from the decision of the State Board, and requires any appeal to be processed in accordance with the provisions of the Uniform Administrative Procedures Act, set forth in Title IV, Chapter 5 of Tenn.Code. Ann. The General Assembly has established the procedure for appealing decisions of the Board, and limited judicial review to those procedures set forth within the Act. Tenn. Code Ann. § 4–5–322(a)(1) states:

A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this Chapter, which shall be the only available method of judicial review. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

Tenn.Code Ann. § 4–5–322(b)(1) mandates that a petition for review under the UTA must comply with that Code provision which states, in pertinent part:

Proceedings for review are instituted by filing a petition for review in the Chancery Court of Davidson County, unless another Court is specified by statute. Such petition shall be filed within sixty days after entry of the agency's final order thereon.

The Tennessee Supreme Court has stated that the procedure for reviewing boards' actions as set forth in the UAPA is the sole method for review of the board's actions. *See United Inter–Mountain Telephone Co., v. Public Service Comm.*, 555 S.W.2d 389 (Tenn.1977). And this Court in *Thandiwe v. Traughber,* 909 S.W.2d 802 (Tenn.Ct.App.1995), has held that failure to appeal in accordance with the procedures set forth in the Act, denies the courts subject matter jurisdiction for any later attempted appeal.

■ Finally, Knoxville College concedes that it did not timely appeal pursuant to

the statutes, but sincerely argues that the Constitution of the State of Tennessee, § 10 of Article VI, assures it the right to maintain a common law writ of certiorari in this case.[1] Knox College argues that the Legislature, by making the appeals procedure under UPA the exclusive method of appeal, impermissibly infringes upon its constitutional right to employ a writ of certiorari for relief from the actions of the Board. This argument was answered by the Supreme Court in *W.J. Savage Co., v. Knoxville,* 167 Tenn. 642, 72 S.W.2d 1057 (1933). In that case, the aggrieved party had not appealed, but employed a petition for certiorari to review the action of the Board of Equalization of the City of Knoxville fixing the value of property for taxation. By legislative enactments, the decision of the Board was made final, and the Supreme Court said that the Trial Court's refusal to review the Board's finding because it was final, did not violate petitioner's rights under the Constitution of the State of Tennessee or the Federal Constitution. *Id.* at 647, 72 S.W.2d 1057. While in some circumstances there may be a right to equitable relief or other relief where the Board has proceeded illegally, none of these circumstances appear in this case, and we are constrained to affirm the judgment of the Trial Court.

The case is remanded, and the cost of the appeal is assessed to appellant.

---

1. **Article VI, § 10, Certiorari**
   The Judges or Justices of the inferior courts of law and equity, shall have power in all civil cases, to issue writs of certiorari to move any cause or the transcript of the record thereof from any inferior jurisdiction, into such court of law, on sufficient cause supported by oath or affirmation. (This provision in the Constitution is codified in Tenn.Code. Ann. § 27–8–101.)