## SCHOOL DIST. NO. 34, CARTER COUNTY, v. JOINT SCHOOL DIST. NO. 34, Lying in LOVE and CARTER COUNTIES.

No. 20676. Opinion Filed March 22, 1932.

Bass & Hardy, for plaintiff in error.

Sigler & Jackson, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Carter county by defendant in error herein against plaintiff in error herein, to recover $2,182.32 that was by the county treasurer of Carter county erroneously credited and apportioned to plaintiff in error herein during the years 1916 to 1924, both inclusive, when the same should have been credited and apportioned to defendant in error herein. The suit was filed January 16, 1929. The plaintiff in error herein, defendant below, pleaded that the action of plaintiff below, defendant in error herein, if any, was barred by the two year and the three year statute of limitations.

Upon the trial of said cause a jury was waived, and the case was tried on agreed statement of facts, judgment was rendered for the plaintiff below, defendant in error herein, and the defendant below brings the cause here for review.

The parties will be referred to as they appeared in the trial court.

The agreed statement of facts showed, in substance, that the plaintiff is a joint school district, lying partly in Love county and partly in Carter county, and that the defendant is a common school district lying wholly within Carter county. That the money sued for was collected by the county

treasurer of Carter county from taxes due or owing on real estate and personal property lying and situated in joint school district No. 34, during the years 1916 to 1924, both inclusive, which money so collected for joint school district No. 34 was apportioned and disbursed by mistake of the county treasurer of Carter county to school district No. 34; and the said school district No. 34 drew warrants against said funds and spent said sums of money prior to January 1, 1925.

It was further agreed that the wrongful apportionment and disbursement of said sum was by mistake of the county treasurer and done solely through his neglect and carelessness.

There is but one proposition presented on this appeal; that is, does the statute of limitations apply to the plaintiff's claim?

Section 185, C. O. S. 1921, provides:

"Civil actions, other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"1. Within five years: An action upon any contract, agreement or promise in writing.

"2. Within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

The question involved in this appeal has been decided by this court in the case of Brown, County Treasurer, et al. v. Board of Education, City of Duncan, 148 Okla. 97, 298 Pac. 249, in which, in the first and second paragraphs of the syllabus thereof, this court said:

"1. Public policy requires prompt action on the part of a municipality seeking to correct errors made by county officials in erroneously placing funds belonging to such municipality to the credit of the county fund, instead of transmitting them to the municipality, and where such municipality fails to act therein within three years from the date of such erroneous transfer, an action for recovery of the funds is barred by the statute of limitations.

"2. Where a municipality brings action against another municipal subdivision of the state involving purely fiscal accounting between them, the complaining municipality will not be permitted to invoke the doctrine of governmental sovereignty in order to defeat the plea of the statute of limitations."

And in the body of the opinion, at page 101 of the Oklahoma Report, this court said:

"* * * In our judgment it is more necessary that the statute of limitations be applied in an action against a county than in case of an individual, for the reason that the affairs of a county are administered through its officers, whose tenure of office is ever uncertain, and where records during a long period of time may become lost, destroyed, or misplaced, and evidence of transactions are often difficult to secure.

"Moreover, budgets and estimates of the county government are based upon assets and liabilities. Taxes are levied and collected upon the basis of assets and liabilities, and under the policy of our state the county operates theoretically on a cash basis; therefore, if counties cannot invoke the statute of limitations in actions against them involving purely fiscal claims, it will produce an intolerable financial burden upon the counties of the state, which will finally pass to the shoulders of the taxpayers.

"Long delayed actions against counties for money had and received will result in large judgments that must be paid within three years, or the issuance of funding bonds bearing interest for a long term of years in order to absorb said indebtedness. In many cases the municipalities that procure these judgments will, on account of attorneys' fees and other costs, not receive more than 50 per cent. of the judgment collected. Thus, while passing the additional burden to the county, the taxpayers must respond to the cost of the transition. The result of such delay is confusion, added litigation, and increased taxes; therefore, public policy demands that all suits to recover money judgments against the counties must be brought within three years as provided by subdivision 2 of section 185 supra, and we, therefore, hold that the statute of limitations is applicable herein to all claims of the plaintiff arising more than three years prior to the institution of said action. * * *"

The judgment of the district court is reversed, with directions to enter judgment for the defendant below.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, and KORNEGAY, JJ., concur. RILEY and SWINDALL, JJ., dissent. McNEILL, J., absent.