Mrs. Carrie **WAGNER**, Plaintiff,

v.

**BURLINGTON INDUSTRIES, INC.,** et al., Defendant.

Civ. A. No. 2245.

United States District Court
E. D. Tennessee,
Northeastern Division.

Aug. 5, 1968.

David Haynes, Bristol, Tenn., for plaintiff.

Ernest F. Smith, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action in damages for alleged injuries to the person and property of the plaintiff. 28 U.S.C. sec. 1332(a) (1) and (c). It was removed here by the defendant. 28 U.S.C. sec. 1441(a). The defendant answered on July 22, 1968. Two days afterward, the plaintiff moved for a remand to the state court whence it came, claiming that the case was removed improvidently and without jurisdiction. 28 U.S.C. sec. 1447(c). Specifically, Mrs. Wagner in-sists that the matter in controversy here, exclusive of interest and costs, does not exceed the sum or value of $10,000. 28 U.S.C. sec. 1332(a).

■ In her declaration in the state court, Mrs. Wagner stated her cause of action in three counts as a result of the tortious conduct of the defendant, giving rise to more than one cause of action against the wrongdoer. See T.C.A. sec. 20–801. She claimed damages of $10,-000 in each such count; however, in the summons issued from the state court, she claimed only $10,000. "* * * The declaration must conform to the summons with respect to the amount of the recovery prayed for * * *." Higgins and Crownover, Tennessee Procedure in Law Cases, (1937 ed.), sec. 816.

■■ The defendant did not avail itself of this variance between the declaration and the summons before answering. Had such a defense been interposed, the Court would have permitted an amendment of the writ so as to conform to the declaration. Shelby County v. Bickford (1899), 102 Tenn. 395, 404, 52 S.W. 772. Having answered, however, the defendant cannot now avail itself of this technicality. Carter v. Redmond (1919), 142 Tenn. 258, 261–262, 218 S. W. 217.

■■ The plaintiff claims damages to her property on the basis of both nuisance and negligence. Thus, counts one and three of her declaration state the same cause of action. Cf. Robertson v. Cincinnati, New Orleans & Texas P. Ry. Co. (1960), 207 Tenn. 272, 339 S.W.2d 6, 8 [1]. In addition to her claim for $10,000 in damages for property damages, however, Mrs. Wagner claims an additional amount of $10,000 in damages for injuries to her person. Thus, her claim is for damages in excess of $10,-000 in addition to interest and costs.

It appearing that the jurisdiction of this Court has been properly invoked, 28 U.S.C. secs. 1332(a) (1) and (c) and 1441(a), the plaintiff's motion for a remand for want of jurisdiction hereby is

Denied.