**COUNTY OF JOHNSON, TENNESSEE, acting By and Through its BOARD OF EDUCATION and Superintendent of Schools**

v.

**UNITED STATES GYPSUM COMPANY, National Gypsum Company, the Celotex Corporation, and Carey Canada.**

**No. CIV–2–83–262.**

United States District Court, E.D. Tennessee, Northeastern Division.

Jan. 9, 1984.

Report and Recommendation Dec. 12, 1983.

W. Mitchell Cramer and Michael Y. Rowland of Rowland & Rowland, P.C., Knoxville Tenn., for plaintiff.

Rebecca O. Gillen, Darryl G. Lowe, Martin L. Ellis, Erma G. Greenwood and John T. Buckingham, Knoxville, Tenn., for defendants.

## ORDER

HULL, District Judge.

The report and recommendation of the United States Magistrate is hereby adopted and approved.

Accordingly, it is ORDERED that the motions to dismiss of the defendants U.S. Gypsum, National Gypsum, Celotex, and Carey Canada are GRANTED IN PART

and DENIED IN PART. The plaintiff's claims based on the following theories are DISMISSED: (i) warranty; (ii) any action under the Tennessee Consumer's Act; and (iii) nuisance. The plaintiff's "Declaratory Relief Count" is DISMISSED. The defendants' motions to dismiss (i) the negligence claim; (ii) the strict liability in tort claim; (iii) the fraud and misrepresentation claims; and (iv) the demand for punitive damages are DENIED.

## REPORT AND RECOMMENDATION

ROBERT P. MURRIAN, United States Magistrate.

This matter was referred to the undersigned United States Magistrate pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the defendants' motions to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

This is a civil action for damages and for declaratory relief based on the plaintiff's allegations of negligence, strict liability, fraud and misrepresentation, breach of warranties, unfair and deceptive trade practices and nuisance concerning the sale of asbestos products used in the 1965–1966 construction of Johnson County High School. All of the defendants have moved to dismiss for failure to state a claim upon which relief can be granted on grounds that,

(1) all of the claims made by the plaintiff are barred by the applicable 10-year statute of limitations, T.C.A. § 29–28–103;

(2) the claims are barred by the four-year statute of limitations contained in T.C.A. § 28–3–202;

(3) the fraud and misrepresentation claim is barred by T.C.A. § 28–3–105;

(4) the claim based upon warranty is barred by T.C.A. § 47–2–725;

(5) the plaintiff has failed to state a claim upon which relief can be granted in connection with its warranty theory since privity of contract is not alleged between the plaintiff and any of the defendants, and such is required in order to recover for economic loss;

(6) the claim based upon § 402A of the Restatement 2d of Torts must be dismissed since this is not an action for personal injury or property damage;

(7) the claim based upon negligence does not and cannot allege either property damage or personal injury;

(8) The claim based upon the Tennessee Consumer Protection Act must be dismissed because (i) the facts upon which the plaintiff bases its claim do not state a claim under the Act, (ii) the Act took effect almost 20 years after the events in question here and it is not retroactive, and (iii) the claim is barred by T.C.A. § 47–18–110;

(9) the "Declaratory Relief Count" in the Complaint must be dismissed since the plaintiff seeks indemnity for hypothetical injuries in violation of Article III, § 2 of the United States Constitution;

(10) the claim based on fraud must be dismissed because it is not pleaded with sufficient particularity;

(11) the claim for punitive damages should be dismissed for failure to state a claim upon which relief can be granted;

(12) the nuisance claim should be dismissed for failure to state a claim upon which relief can be granted.

[Court File Nos. 16, 17, 18 and 19].

The plaintiff alleges these facts. In or about 1965–1966 the plaintiff constructed Johnson County High School. As a part of this construction acoustical plaster and ceiling plaster products containing high levels of asbestos were applied onto the ceilings of classrooms, halls, bandrooms, theatres, administrative offices and other rooms throughout the school. Those products were allegedly mined, manufactured and sold by the defendants. Subsequently, the plaintiff learned that, as a result of normal wear, aging, abrasion, vibration, and impacts involving the ceilings occasioned by the normal and expected use of the building, asbestos particles, dust and fibers were being released into the air inside the

school building, making it imminently dangerous to human health. Asbestos fiber, it is alleged, is a cause of numerous lung diseases, including mesothelioma, lung cancer, asbestosis, and other diseases harmful to various bodily functions. The plaintiff claims that at the time of the sale of the products in 1966 or before, the defendants knew or should have known of the harmful characteristics of their products. Upon discovering the dangerous conditions created by the asbestos at Johnson County High School, the plaintiff instituted a program to alleviate the problem through removal of the asbestos products. During that removal process the plaintiff transported students to other facilities. The complaint in this action was filed in state court on August 16, 1983. On August 31, 1983, it was properly removed to this Court. On October 12, 1983, before a responsive pleading was served, the plaintiff amended its complaint, as of right, to allege misrepresentation pursuant to 402B, Restatement of Torts, Second, and to allege property damage caused to its ceiling, to its carpeting and to other parts of its property.

(1) The defendants argue that all of the plaintiff's claims are barred by the applicable ten-year statute of limitations, T.C.A. § 28-1-103. Initially, the plaintiff's argument must be considered that it is protected from the running of any statute of limitations by T.C.A. § 28-1-113, which provides as follows:

> The provisions of this title [with regard to statutes of limitation] do not apply to actions brought by the state of Tennessee, unless otherwise provided.

The plaintiff argues that in operating the school system it is exercising a governmental function as an arm of the state government. As such, the plaintiff argues that it is entitled to the same protection from statutes of limitation as is the state itself.

Whether or not the various statutes of limitation involved in this case apply depends upon whether or not Johnson County, in maintaining the school was acting in a governmental capacity for the benefit of the general public. *See Jennings v. David-son County,* 208 Tenn. 134, 344 S.W.2d 359 (1961). The rule is stated clearly in *Jennings* as follows:

> The statute of limitations does not run against the sovereign or the state, or against a county, when seeking to enforce a demand arising out of, or dependent upon, the exercise of its governmental functions as an arm of the state. Citing *Central Hospital for Insane v. Adams,* 134 Tenn. 429, 183 S.W. 1032; *Nelson v. Loudon County,* 176 Tenn. 632, 144 S.W.2d 791. But the statute does run against a county or municipality in respect of its claims or rights which are of a private or corporate nature and in which only its local citizens are interested, as distinguished from a public or governmental matter in which all the people of the state are interested. Citing *Shelby County v. Bickford,* 102 Tenn. 395, 52 S.W. 772; *Hamblen County v. Cain,* 115 Tenn. 279, 89 S.W. 103; *City of Knoxville v. Gervin,* 169 Tenn. 532, 89 S.W.2d 348.

*Jennings, supra,* 344 S.W.2d at 361–362. Examples of cases where statutes of limitation would run against a municipality or county are found in *Hamblen County, supra* (action by county to recover witness and other fees left uncalled for in possession of former county clerk) and *Shelby County v. Bickford,* 102 Tenn. 395, 52 S.W. 772 (1899) (action by county to recover against its grantor on covenant against encumbrances). Obviously, in neither *Hamblen* nor *Shelby County* were the claims on behalf of the state or with regard to a matter of interest to all of the people of the state. Cases where the Tennessee Supreme Court has refused to apply a statute of limitations to a county or municipality where their action arose out of the performance of a governmental function include *Jennings, supra* (county brought action against estate of pauper for hospital services rendered over a long period of time), *Nelson, supra* (county brought action to recover fine which would be paid into the state coffers), *Memphis v. Looney,* 9 Baxt. 130 (1877) (action by city to enforce

tax lien) and *Elliot v. Williamson,* 11 Lea 38 (1883) (county action to enforce taxes).

■ Though there are no Tennessee cases addressing the issue, the undersigned is of the opinion that Tennessee would not provide immunity from the running of statutes of limitation for tort or contract actions arising out of the maintenance of the physical plant of a local school system by county officials. Several factors compel this result. First, the overwhelming weight of authority in other jurisdictions indicates that local school districts are not immune from the running of statutes of limitation. *See, e.g., Clarke v. School Dist.,* 84 Ark. 516, 106 S.W. 677 (1905); *School Dist. v. Joint School Dist.,* 156 Okl. 5, 9 P.2d 771 (1932); *Hatcher v. State,* 125 Tex. 84, 81 S.W.2d 499 (1935). *See generally* Annot., 98 A.L.R. 1221. If the Tennessee courts were to find a county immune from statutes of limitation with respect to a tort or contract claim arising out of construction work performed on a local school house, it would certainly be a novel interpretation. Research of the issue indicates that it would be the first decision of its kind in the United States. There is no evidence that Tennessee courts would be willing to blaze a new trail in this area Second, dictum in *Central Hospital for Insane v. Adams,* 134 Tenn. 429, 183 S.W. 1032 (1915) indicates that Tennessee would follow the general rule and not allow a local school district immunity from statutes of limitations. The Tennessee Supreme Court cites with approval an Illinois case holding that the custody and care of schools is a purely local matter. The court's language follows:

> In an action by school directors of a township having the custody, care and title of all schools, and schoolhouse sites, to recover in ejectment possession of school property, it was held that the people of the state in general have no interest in common with the inhabitants of a school district, in the schoolhouse site or the proceeds of it. *Brown v. Trustees of Schools,* 224 Ill. 184, 79 N.E. 579, 115 Am.St.Rep. 146, 8 Ann.Cas. 96. This case holds as does the court in *Memphis v. Looney,* supra, that statutes of limitation do not run against counties and municipalities in matters respecting strictly public rights as distinguished from private and local rights.

*Central Hospital,* 183 S.W. at 431–432. Finally, the undersigned believes that the Tennessee courts would consider the public policy factors which support applying general statutes of limitation in cases such as this. Allowing local school boards to rely on the state's immunity from the running of statutes of limitation would reopen stale claims against contractors who have built schoolhouses across the state. Contractors undoubtedly have assessed their potential liability and need for liability insurance on the basis of the relevant statutes of limitation. That assumption was justified since neither the case law in Tennessee, nor any other jurisdiction, would appear to bar the running of general statutes of limitation where a school system brings a tort or contract action based on the construction of a local schoolhouse. While it is true that contractors who perform construction work for the state operated universities are not protected by general statutes of limitation, *see Dunn v. W.F. Jameson and Sons, Inc.,* 569 S.W.2d 799 (1978), these contractors are forewarned that they are not protected and their insurance coverage can be accordingly adjusted.

Moreover, the *Jennings* case is distinguishable from the instant case. In *Jennings* the court noted that statutes of limitation do not run against a county when it is "seeking to enforce a demand arising out of, or dependent upon, the exercise of its governmental function as an arm of the state." *Jennings,* 344 S.W.2d at 361. The court held that the statute of limitations did not run where, under a quasi-contract theory, the county hospital was seeking to enforce a demand arising out of their state appointed governmental function of providing medical services for the poor. However, the *Jennings* court went on to carefully note that the statute would run if the claims or rights were of a private or corporate nature and in which only its local

citizens were interested. As the Tennessee Supreme Court indicated in dictum in *Central Hospital,* and the authorities across the country virtually unanimously hold, the operation of a school system is a particularly local affair. The persons who have a direct interest in the outcome of this lawsuit are the citizens of Johnson County, not all of the citizens of the State of Tennessee.

Therefore, the undersigned concludes that plaintiff's claims in this case are of a private or local nature and that T.C.A. § 28-1-113 does not prevent the running of any of Tennessee's general statutes of limitations against it.

The next step is to consider the applicability of T.C.A. § 29-28-103, the so-called "Products Liability Cap." T.C.A. § 29-28-103 provides:

(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions it must be brought within six years of the date of injury, in any event, the action must be brought within ten years from the date on which the product was first purchased for use or consumption, or within one year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one year after attaining the age of majority, whichever occurs sooner.

(b) The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos.

█ This section is not a conventional statute of limitations. It imposes an outer limit or ceiling upon existing statutes of limitation with regard to actions against manufacturers of defective or unreasonably dangerous products. *Buckner v. GAF Corp.,* 495 F.Supp. 351, 355 (E.D.Tenn. 1979). The clear language of this statute bars all products liability suits brought after ten years have expired from the date the product was first purchased for use or consumption. This is true even when the occurrence or the injury giving rise to the cause of action happens or is discovered only after the ceiling period. *Id.,* at p. 355. The so-called "discovery rule," that is, the rule that a statute of limitations does not begin to run until the injury is discovered or should be discovered cannot be used to extend this absolute ceiling. *Id.,* at 355.

Without subsection (b), T.C.A. § 29-28-103(a) would bar each theory raised by the plaintiff. The definitional section of the Tennessee Products Liability Act of 1978 provides that:

"Product Liability Action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labelling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or a contract whatsoever.

T.C.A. § 29-28-102(6).

The plaintiff's negligence, strict liability and warranty claims are expressly included in T.C.A. § 29-28-102(6). The plaintiff's claims on other theories are included in the catch-all provision at the end of the section.

Thus, T.C.A. § 29-28-103(a) clearly applies in this case. The products were purchased no later than 1966. The action was not commenced until 1983.

█ The next question is whether this action falls within the exception provided for asbestos exposure injuries in T.C.A. § 29-28-103(b). The issue is whether this

exception applies solely to personal injury actions resulting from exposure to asbestos, or whether it also applies to actions for recovery for property damage or economic loss which plaintiff incurs in preventing asbestos related diseases. Based on the express language and legislative history of this section, the undersigned concludes that T.C.A. § 29–28–103(b) does apply where the plaintiff alleges property damage or economic loss resulting from prevention of asbestos related diseases.

The starting point in determining the legislative intent is to look to the statutory language. Subsection (b) provides that the ten-year ceiling on products liability actions shall not apply to "any action resulting from exposure to asbestos." The gravamen of plaintiff's complaint is that the students, teachers and other persons at Johnson County High School have been exposed over a seventeen year period to a toxic form of asbestos. It is that exposure that has caused the school to be closed and necessitated removal of the asbestos products. This action is brought as a direct result of "exposure to asbestos." No words of limitation in Subsection (b) bar its application from cases of solely economic injury or property damage.

The defendants rely on portions of the Legislative History of Chapter 162 of the Public Acts of 1979, Speech by Senator Tanner on the floor of the House of Representatives, April 11, 1979, to support their contention that Subsection (b) cannot apply in this case. That language follows:

> Mr. Speaker and Members of the House, this Bill deals with asbestosis. It changes the products liability law in regard to the statute of limitations in regard to asbestosis. The reason is—is a ten-year limitation of action as we all know from the one last year. The disease asbestosis does not show up for sometimes 20 or 30 years and, for this reason, we found it necessary Mr. Speaker and Members of the House, to ask that this House remove asbestosis from the Products Liability Act and the statute of limitations thereon ....

Though this speech is instructive with regard to the legislature's primary goal in passing this legislation, these words cannot literally be taken as expressive of the full intent of the legislature. To do so would lead to the result that the limitations exception would only apply to one specific disease, asbestosis. Yet the statutory language is much broader, applying to "any action resulting from exposure to asbestos." Obviously, other asbestos related diseases such as mesothelioma and lung cancer are included, yet there is no mention of them in the legislative history. By the same token, the absence in the legislative history of any reference to recovery for property damage or economic loss does not indicate a legislative intent to exclude those actions.

Moreover, a strict construction prohibiting the recovery of property damage or economic loss resulting from efforts to avoid asbestos exposure is contrary to the stated purposes of the legislature in enacting the Tennessee Products Liability Act. The preamble to the Act states that "it is the purpose of the General Assembly to provide a reasonable time within which action may be commenced against manufacturers, and/or sellers while limiting the time to a specific period of time for which product liability insurance premiums can be reasonably and accurately calculated ...." Barring claims such as the plaintiff's would give them no time in which to bring the action. This construction is illogical since, in adding the asbestos amendment, the legislature indicated that it was aware of the special problems faced by the asbestos plaintiff. One problem, of course, is the twenty or thirty year gestation period of the disease asbestosis. Another is that the dangers of asbestos exposure were not generally known by the public until relatively recently. The plaintiff in this case faces those problems as surely as do plaintiffs bringing actions solely for personal injury from exposure to asbestos. Absent any contrary evidence in the language of legislative history of the Act, the undersigned cannot conclude that the legislature intended to favor one class of asbestos

exposure claimants over another. Therefore, the plaintiff's action should not be barred by T.C.A. § 29–28–103.

■ (2) The defendants claim that all of the claims are barred by the four-year statute of limitations contained in T.C.A. § 28–3–202, which is a limitation on actions for defective improvement to real estate. This section does not apply in this case. It applies only to actions to recover damages "for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property." The plaintiff has not alleged that the defendants provided any of those services in the renovations of Johnson County High School.

■ (3) The defendants allege that the plaintiff's fraud and misrepresentation claim is barred by T.C.A. § 28–3–105. The defendants contend that the applicable statute of limitations on the fraud and misrepresentation claim is T.C.A. § 28–3–105, citing *Vance v. Schulder*, 547 S.W.2d 927 (Tenn.1977). Assuming this to be the correct statute of limitations, the cause of action would not accrue until the plaintiff knew or reasonably should have known of the existence of the facts upon which the cause of action is based. *Prescott v. Adams*, 627 S.W.2d 134 (Tenn.App.1981). Since questions of material fact remain to be determined on this issue a dismissal would be inappropriate.

■ (4) The defendants contend that the plaintiff's warranty claim is barred by T.C.A. § 47–2–725. The defendants are correct. T.C.A. § 47–2–725 provides that ... a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.... The limitations period is four years. The plaintiff's warranty claims were barred at the latest in 1970.

The plaintiff argues that T.C.A. § 47–2–725(2) delays the accruing of the cause of action until the breach is or should have been discovered. The undersigned disagrees. Section (2) applies only to express warranties that specifically extend the period of coverage beyond the statutory period. No such express warranty is alleged in this case.

The plaintiff also argues that the asbestos exception in the ten year "Products Liability Cap," T.C.A. § 29–28–103(b), indicates the legislature's intent that no statute of limitations should run in an asbestos case. Again, the undersigned disagrees. Section (b) expressly applies only to § 29–28–103, which is an outer ceiling or limit upon existing statutes of limitation in products liability cases.

(5) The defendants contend that the plaintiff has failed to state a claim upon which relief can be granted in connection with its warranty theory since privity of contract is not alleged between the plaintiff and any of the defendants and such is required in order to recover for economic loss. This issue is pretermitted since the plaintiff's warranty claim is barred by the applicable statute of limitations. See (4) above.

■ (6) The defendants contend that the plaintiff's claim based upon § 402A of the Restatement 2d of Torts, strict liability in tort, must be dismissed since this is not an action for personal injury or property damage. The undersigned concludes that the plaintiff's allegations of damage to the ceiling, carpet and other property sufficiently allege property damage to state a cause of action under § 402A.[1] *See Walker v. Decora*, 225 Tenn. 504, 471 S.W.2d 778 (1971) ("stinky" glue damaged the plaintiff's building and his business inventory).

(7) The defendants contend that the claim based upon negligence must be dismissed since this is not an action for personal injury or property damage. For the

1. However, at this time the undersigned expresses no opinion as to whether or not the costs of repairing and replacing the ceiling or of moving the children, as economic losses, are recoverable under a strict liability or negligence theory as consequential damages recoverable along with any property damages which the plaintiff might be able to prove.

reason set out in (6) above the undersigned concludes that the plaintiff has sufficiently stated a cause of action under a negligence theory.

■ (8) The defendants contend that the claim based upon the Tennessee Consumer Protection Act must be dismissed because (i) the facts upon which the plaintiff bases its claim does not state a claim under the act, (ii) the Act took effect almost 20 years after the events in question here and it is not retroactive, and (iii) the claim is barred by T.C.A. § 47–18–110. Even if the facts upon which the plaintiff bases its claim states a cause of action under the Act and even if the Act is found to have retroactive application, the undersigned is of the opinion that the action is barred by T.C.A. § 47–18–110, which requires that such actions to be brought within four years from the date of the consumer transaction giving rise to the claim. T.C.A. § 47–18–103(h) defines "Trade", "Commerce" or "Consumer transaction" as

> the advertising, offering for sale, lease or rental, or distribution of any goods, services or property, tangible or intangible, real, personal or mixed, and other articles, commodity, or thing of value wherever situated.

T.C.A. § 47–18–110 expressly provides "... in no event shall an action under this chapter be brought after four (4) years from the date of the consumer transaction giving rise to the claim for relief." In this case the consumer transaction occurred in 1966 or before. Therefore, any action the plaintiff might have under the Act is barred.

(9) The defendants contend that the "Declaratory Relief Count" in the Complaint must be dismissed since the plaintiff seeks indemnity for hypothetical injuries in violation of Article III, § 2 of the United States Constitution. The defendants are correct.

The claim for declaratory relief is premised upon 28 U.S.C. § 2201, which provides, in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and le-

gal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

At issue here is whether the plaintiff has raised an actual controversy. The question is both statutory and constitutional. *Forty-Eight Insulations v. Johns-Manville Products*, 472 F.Supp. 385 (N.D.Ill.1979). If no actual controversy exists the undersigned must dismiss for want of jurisdiction.

■ The plaintiff has not alleged that there are any outstanding claims against it arising out of the presence of asbestos in the school. No judgment has been entered against it. The plaintiff only speculates that other claims may be filed in the future. Where it is not certain that a plaintiff will ever be compelled to pay a judgment which defendant might be liable as indemnitor, the plaintiff is not entitled to bring a declaratory judgment action to determine its rights to be indemnified. *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165 (7th Cir.), *cert. denied*, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *see also, Tilley Lamp Company v. Thacker*, 454 F.2d 805 (5th Cir.1972); *National Valve & Mfg. Co. v. Grimshaw*, 181 F.2d 687 (10th Cir.1950). Thus the claim for declaratory relief should be dismissed.

(10) The defendants contend that the claim based upon fraud must be dismissed because it was not pleaded with sufficient particularity. The undersigned concludes that the plaintiff's allegations of fraud and misrepresentation, stated on pages 5–7 of the Complaint are sufficient under the circumstances.

■ The sufficiency of a particular pleading under Rule 9(b) depends upon a number of variables. *Payne v. U.S.*, 247 F.2d 481, 486 (8th Cir.1957). The requirements of particularity may be relaxed as to matters peculiarly with the opposing parties' knowledge. *Trussell v. United Underwriters, Ltd.*, 228 F.Supp. 757, 774 (D.C.

Colo.1964); *Greater Valley Terminal Corp. v. Peltz St. Terminals, Inc.,* 21 F.R.D. 167, 168 n. 2 (D.C.Pa.1957). Here, the plaintiff has alleged that the defendants knew of the hazardous nature of their products. The plaintiff has also alleged that the defendants knew their representations were false. It would be unreasonable to require more particularity of the plaintiff. The defendants' knowledge in 1966 of asbestos danger is a matter peculiarly within the knowledge of the defendants. Therefore, the defendants' motion to dismiss with respect to the plaintiff's fraud claim will be denied. The undersigned cannot say beyond doubt at this time that Count I.C of the complaint fails to state a claim upon which relief can be granted. *See Edwards v. Travelers Ins. of Hartford,* 563 F.2d 105 (6th Cir.1977) (common law fraud, misrepresentation and deceit); *American Bldgs. Co. v. White,* 640 S.W.2d 569 (Tenn.App.), *rehearing denied, id.,* permission to appeal denied (1982) (negligent misrepresentation).

■■■ (11) The defendants contend that the plaintiff's claim for punitive damages should be dismissed. Punitive damages may be awarded in cases of fraud, malice, gross negligence, oppression or willful misconduct. *Breault v. Friedli,* 610 S.W.2d 134, 136 (Tenn.1980). The plaintiff contends that the defendants knew of dangerous propensities of their products, yet failed to notify the buyers when they sold them. That conduct could support an action for punitive damages. Therefore, the defendants' motion to dismiss with respect to punitive damages should be denied.

(12) The defendants contend that the plaintiff's nuisance claim should be dismissed for failure to state a claim upon which relief can be granted.

Courts have found it virtually impossible to accurately describe the myriad of tort claims that fall within the general category of nuisance. With respect to nuisance, Prosser has indicated that "there is perhaps no more impenetrable jungle in the entire law." W. Prosser, *The Law of Torts* § 86, at 571 (1971). Prosser further notes

that nuisance is a field of tort liability rather than a type of tortious conduct. It refers to the interests invaded and not to any kind of act of omission which led to the invasion. *Id.,* § 87 at 573.

In Tennessee common law, nuisance has been described as follows:

Nuisance in legal parlance, extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable or comportable use of property.

State *ex rel. Swann v. Pack,* 527 S.W.2d 99, 113 (Tenn.), *cert. denied,* 424 U.S. 954, 96 S.Ct. 1429, 47 L.Ed.2d 360 (1975).

■■■ After examining the cases cited by the parties in which nuisances have been found, either public or private, the undersigned concludes that the plaintiff has stated no cause of action under a nuisance theory. In all of these cases, *see, e.g., Pate v. City of Martin,* 614 S.W.2d 46 (Tenn. 1981) (maintaining a sewage lagoon); *Gold v. Carter,* 28 Tenn. 369 (Tenn.1948) (erecting a dam); *Pack, supra* (handling snakes in public); *State v. Graham,* 35 Tenn. 134 (Tenn.1855) (cursing in public), the one charged with maintaining the nuisance was in control of the property or instrumentality from or by which the nuisance was created at the time of the nuisance complained of. The "nuisance" creating property in this case was in the possession and control of the plaintiff from the time it purchased the asbestos containing products. Even if the defendants had decided to "abate" the asbestos problem themselves by repairing and replacing the plaster products they could not have forced those repairs or replacements onto the plaintiff since they no longer owned or controlled the products. Moreover, allowing the plaintiff to bring this action under a nuisance theory would convert almost every products liability action into a nuisance claim. The undersigned can only conclude that as an elementary principle of tort law, a nuisance claim may only be alleged against one who is in control of the nuisance creating instrumentality. The plaintiff's nuisance claim should be dismissed.

For the foregoing reasons, it is the recommendation of the undersigned that the motions to dismiss of the defendants, U.S. Gypsum, National Gypsum, Celotex, and Carey Canada be GRANTED IN PART and DENIED IN PART. The plaintiff's claims based on the following theories should be DISMISSED: (i) warranty; (ii) any action under the Tennessee Consumer's Act; and (iii) nuisance. The plaintiff's "Declaratory Relief Count" should be DISMISSED. The motions to dismiss (i) the negligence claim; (ii) the strict liability in tort claim; (iii) the fraud and misrepresentation claims; and (iv) the demand for punitive damages, should be DENIED.[2]

**2.** Any objections to this report and recommendation must be filed within 10 days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters,* 638 F.2d 947–950 (6th Cir.1981).