**Layron Dean MILLIGAN, Plaintiff,**

v.

**AMERICAN HOIST AND DERRICK CO., et al., Defendants.**

No. 84–1103.

United States District Court,
W.D. Tennessee, E.D.

Aug. 29, 1985.

W. Lee Pittman & Kathryn Sumrall, Edmond & Vines, Birmingham, Ala., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Assoc. Gen. Counsel, Edwin W. Small, Ronald E. Klipsch, Tennessee Valley Authority, Knoxville, Tenn., William H. Stanhope, Atlanta, Ga., W.J. Reynolds, Reynolds & Harmon, Savannah, Tenn., for defendants.

## ORDER ON PENDING MOTIONS

McRAE, Chief Judge.

This is a diversity action wherein plaintiff seeks to recover damages for the wrongful death of his decedent, Layron Keith Milligan (Milligan). Presently before the Court are motion of defendants Smallen, Bynum, Blevins, Schreiner, Adams, Smith and McIver (individual defendants) for summary judgment and a motion of defendant American Hoist and Derrick Company (American Hoist) for summary judgment.

The facts of this case are as follows. Milligan was employed by the Tennessee Valley Authority (TVA) and was assigned as a motor crane driver and oiler at the TVA's Pickwick Landing Dam Main Lock Project near Savannah, Tennessee. On June 10, 1983, Milligan left the cab of the gantry crane to which he was assigned and ventured onto the gantry superstructure. No one witnessed the events immediately following, but it is apparent that Milligan became entangled in the gear steps of the rotating superstructure and the stationary part of the gantry structure and was crushed to death. Plaintiff in this action, Milligan's son, claimed and is currently receiving benefits under the Federal Employ-ees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*, as a result of his father's death. In this action, plaintiff seeks to recover damages from the individual defendants for common law negligence and from defendant American Hoist, the manufacturer of the crane, under theories of negligence, strict liability in tort and breach of warranty. The individual defendants were each employed by the TVA and assigned to the Pickwick Landing Dam Main Lock Project: Herman Smalling, project manager; John Bynum, general construction superintendent; Frank Schreiner, supervisor of safety engineering services; Dillard Adams, equipment foreman; Ottie Smith, equipment foreman; and Gordon McIver, construction engineer.

The individual defendants have moved for summary judgment on a number of grounds.

The fourth ground for summary judgment asserted by the individual defendants is dispositive. The individual defendants claim that as federal employees who were exercising discretionary functions and acting within the outer perimeters of their lines of duty, they are, as such, absolutely immune from common law tort actions such as this one.

In *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the Supreme Court held that federal employees are absolutely immune from suits for common law torts committed while acting within their discretionary authority. Such immunity is to be distinguished from that accorded to federal officials from suits for constitutional torts which, under *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), is only qualified. *Granger v. Marek*, 583 F.2d 781 (6th Cir. 1978). Functions do not become less important, nor do they necessarily involve less discretion, simply because they are invested in employees of lower rank. *Barr, supra*, 360 U.S. at 571–573, 79 S.Ct. at 1339–40. Authority is discretionary, rather than ministerial, if "there is room for policy judgment and decision." *Dale-*

*hite v. United States,* 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953). This absolute immunity is accorded from all common law tort suits against a federal officer even if brought by a fellow employee. *See Dretar v. Smith,* 752 F.2d 1015 (5th Cir.1985). TVA personnel, as employees of a federal ·instrumentality, may invoke the full range of immunity. *See Johns v. Pettibone Corp.* 755 F.2d 1484 (11th Cir.1985); *Queen v. Tennessee Valley Authority,* 689 F.2d 80 (6th Cir.1982), *cert. denied,* 460 U.S. 1082, 103 S.Ct. 1770, 76 L.Ed.2d 344 (1983).

■ According to the evidence submitted by the individual defendants, consisting of the affidavit of Herman E. Smalling and job descriptions of defendants Smalling, Bynum, Blevins, Schreiner, Adams, Smith and McIver, each was given the requisite room for policy judgment and decision, enough to qualify their authority as discretionary. Since the alleged tort was committed while the individual defendants were exercising these discretionary functions, they are to be accorded absolute immunity from this suit.

Summary judgment is therefore granted in favor of defendants Smalling, Bynum, Blevins, Schreiner, Adams, Smith and McIver.

■ Next, defendant American Hoist has moved for summary judgment on grounds that this action is time barred under the relevant statute of limitations, *Tenn.Code Ann.* § 29–28–103, which reads as follows:

Limitation of actions—Exception.—(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within

one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Section 29–28–103 was enacted as part of the Tennessee Products Liability Act of 1978 (Act). A "products liability action," within the meaning of the Act is defined as follows:

"Products liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever. *Tenn.Code Ann.* § 29–28–102(6).

Plaintiff's action against defendant American Hoist plainly falls within the above definition of a "products liability action" and is subject to the ten-year period of repose provided in Section 29–28–103(a). *See Johnson County v. U.S. Gypsum Co.,* 580 F.Supp. 284–290 (E.D.Tenn.1984).

It is clear that section 29–28–103 was meant to supplement in part and supercede in part the statute of limitations for personal tort actions provided in *Tenn.Code Ann.* § 28–3–104. With the exception of three specific instances, section 29–28–103(a) sets an absolute ceiling on products liability suits against a manufacturer or seller. *See Mathis v. Eli Lilly Co.,* 719 F.2d 134 (6th Cir.1983). The ten-year period applies "notwithstanding any exceptions" to sec-

tion 28–3–104. Sections 28–3–104(b) is such an exception to the general one-year tort statute of limitations provided in section 28–3–104(a) and provides that a products liability action accrues from the date of injury rather than the date of negligence or sale of the product. In addition, section 28–3–104(b) provides that "under no circumstances shall [a products liability] cause of action be barred before [a person] sustains an injury."

With the addition of the ten-year statute of repose, section 28–3–104 continues to apply so long as the action is brought against a seller or manufacturer within ten years of the date of the product's initial purchase. After ten years, plaintiff's cause of action could not arise, even though a remedy for the civil wrong had not been eliminated. *Mathis, supra,* at 145. Section 29–18–103 has therefore superceded and rendered a nullity, the "under no circumstances" clause of section 28–3–104(b). Consequently, the ten-year period of repose applies even if the injury occurred or was discovered after its expiration. *Johnson County, supra; Buckner v. GAF Corp.,* 495 F.Supp. 351 (E.D.Tenn. 1979).

Defendant American Hoist has presented evidence to the effect that the gantry crane which killed Milligan was purchased from American Hoist for use by TVA under a contract dated November 24, 1959, and that TVA has continuously owned the crane since May 26, 1960, the date upon which it took delivery. Milligan's injury occurred on June 10, 1983. This action was filed on May 30, 1984, twenty-four years after the date of purchase. This Court therefore holds that the action against American Hoist is barred under the ten-year statute of repose.

Plaintiff contends, however, that the minor's exception to the ten-year period, as recognized in *Holt v. Hypro,* 746 F.2d 353 (6th Cir.1984), tolled the period until one year after plaintiff reached the age of majority. Plaintiff's contention is without merit. The Tennessee wrongful death statutes, *Tenn.Code Ann.* §§ 20–5– 106 and 20–5–113, are of the survival type, which simply preserve any action which the decedent would have had. *Jones v. Black,* 539 S.W.2d 123 (Tenn.1976). The test is, therefore, whether plaintiff's decedent, had he been alive, would have been permitted to bring this action under the law of Tennessee. As discussed above, such a suit would have been time barred.

Finally, plaintiff argues that *Tenn.Code Ann.* § 29–28–103 is unconstitutionally vague and ambiguous since it is susceptible of more than one interpretation. Plaintiff contends that a statute violates due process when an injured layman could come up with an interpretation of the statute different from that which the courts have rendered. This Court would be hard pressed to declare unconstitutional a civil statute not alleged to burden any fundamental rights which is susceptible of only one informed interpretation.

Defendant American Hoist's motion for summary judgment is therefore granted.

IT IS SO ORDERED.